**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| DREYDEN E. TROYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:09-CV-040 PS |
| | ) | |
| CHARLES HART, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Dreyden E. Troyer, a *pro se* prisoner, filed a Complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards were recently retooled by the Supreme Court. In the context of a motion to dismiss for failure to state a claim, the Court stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (quotation marks and brackets omitted). Instead the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. at 1965. Two weeks later the Supreme Court decided *Erickson*

*v. Pardus*, 127 S. Ct. 2197 (2007). In *Erickson* the Court also took up the issue of pleading

standards, but this time in the context of *pro se* litigation. In *Erickson*, the Court stated that

"[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). 127 S. Ct. at 2200.

The Court further noted that a "document filed *pro se* is to be liberally construed . . . and a *pro se*

complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Id*. (quotation marks and citations omitted). In an effort to

reconcile *Twombly* and *Erickson* the Seventh Circuit has read those cases together to mean that

"at some point the factual detail in a complaint may be so sketchy that the complaint does not

provide the type of notice of the claim to which the defendant is entitled under Rule 8."

*Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

Troyer alleges that various conditions at the Allen County Jail violate the Indiana

Administrative Code. These allegations do not state a claim because "[i]n order to state a cause

of action under 42 U.S.C. § 1983 . . . the plaintiff must allege that some person has deprived him

of a federal right." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). Nevertheless, the

court will review these alleged conditions to determine if they state a claim under the Eighth

Amendment. "Conditions of confinement must be severe to support an Eighth Amendment

claim; the prison officials' act or omission must result in the denial of 'the minimal civilized

measure of life's necessities." *Morissette v. Peters*, 45 F.3d 1119, 1123 (7th Cir. 1995) (quoting

*Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (quotation marks omitted). *See also Lunsford v.*

*Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994) (the Eighth Amendment only protects prisoners

from conditions that "exceed contemporary bounds of decency of a mature, civilized society.").

The Eighth Amendment requires that prison officials ensure that inmates receive adequate food,

clothing, and shelter, *Farmer*, 511 U.S. at 832, but conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations, *see Adams v. Pate*, 445 F.2d 105, 108-109 (7th Cir. 1971).

Troyer alleges that he slept on a mat on the floor in a cell with two other inmates who slept on bunks. This is not the first time that this court has reviewed these conditions at the Allen County Jail.

> [T]he bunk the Plaintiff aspired to in the Allen County Jail is nothing more than a suspended steel platform, and this can hardly be characterized as any great improvement over a concrete floor.

*Roop v. Squadrito*, 70 F. Supp. 2d 868, 874 (N.D. Ind. 1999) (citations and quotation marks omitted). Though he alleges that the other two inmates stepped on him and his mat, he does not allege, and based on this complaint it is not reasonable to infer, that he suffered anything more than a *de minimis* injury as a result. Therefore this claim will be dismissed because without actual physical injury caused by the defendant's actions or omissions, Troyer does not state a claim. *See Walker v. Peters*, 233 F.3d 494, 502 (7th Cir. 2000); *see also* 42 U.S.C. § 1997e(e).

Troyer alleges that during the (at most) two months that he spend on the crowded old "B" cellblock area from January 9, 2009, (DE 1 at 3), until (at the latest) March 4, 2009, (DE 5), "[t]he meals [did] not meet the daily nutritional requirements." (DE 1 at 4.) Though he does not expand on this allegation nor provide any facts explaining what food was served nor what nutritional requirements were not met, because this is the pleading stage of the proceeding, I must accept the allegation that he was served food that lacked sufficient nutritional value. Nevertheless, because this deprivation occurred for only two months or less and because he does not allege that he suffered any injury as a result, I cannot find that he was denied the "minimal

civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. Though perhaps Troyer found

this diet to be unpleasant and uncomfortable, because many free citizens consume imbalanced

diets for a variety of reasons,[1] his temporarily insufficient diet did not "exceed[ the]

contemporary bounds of decency [for] a mature, civilized society." *Lunsford*, 17 F.3d at 1579.

A temporarily diet that fails to meet the prescribed dietary requirements is the type of risk many

encounter voluntarily and, in moderate levels, is a common fact of contemporary life that cannot,

under contemporary standards, be considered cruel and unusual. *See Christopher v. Buss*, 384

F.3d 879, 882 (7th Cir. 2004). *See also Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir.

2004) (Exposure to hazards faced daily by members of the public at large do not constitute a

violation of the Eighth Amendment.)

Troyer also alleges that during the same two months, "[t]here is no recreational time

provided in the gymnasium nor outdoors, no form of equipment *i.e.* basketballs or board games

available to the inmates." (DE 1 at 4.) Though a total lack of exercise would state a claim where

"movement is denied and muscles are allowed to atrophy," *French v. Owens*, 777 F.2d 1250,

1255 (7th Cir. 1985), the denial of "desirable, entertaining diversions . . . [do] not raise a

constitutional issue," *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988). Again, Troyer

does not allege that he suffered any deleterious consequences as a result of being denied

basketballs and board games. Because he mentions an activity area, it is clear that he was not

restricted to a totally sedentary existence in his cell. Though he was not allowed to go to the

gym, the temporary limitations on his choice of physical activities did not deny him the

"minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 832.

---

[1] http://www.eatright.org/cps/rde/xchg/ada/hs.xsl/home_4647_ENU_HTML.htm accessed March 13, 2009. Website of the American Dietetic Association.

Finally, Troyer alleges that the food at the jail was not kept at "the proper temperature which has constituted a serious health hazard by permitting the growth of bacteria." (DE 1 at 4.) He also alleges that the lack of a posted emergency evacuation plan created a hazard and that the activity area had only two showers and no toilet. "The eighth amendment does not constitutionalize the Indiana Fire Code. Nor does it require complete compliance with the numerous OSHA regulations." *French*, 777 F.2d at 1257. Troyer's claim that he was exposed to these unsafe conditions is analogous to a failure to protect claim, but fear of an attack that never occurs does not state a claim for damages. *See Doe v. Welborn*, 110 F.3d 520, 523-24 (7th Cir. 1997).

Because this complaint does not state a claim, it is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**.

ENTERED: March 25, 2009

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT